Franklin Levy (BBO# 297720)
Ryan Ciporkin (BBO# 667479)
Michele A. Hunton (BBO# 667766)
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
(617) 439-4990

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LIABILITY LITIGATION** | **MDL No. 1:13-md-02419** <br><br> Hon. F. Dennis Saylor, IV |
| **This Document Relates To:** <br><br> *Stout, et. al. v. New England Compounding Pharmacy, Inc., et. al.*, No. 13-cv-10167 | |

**MOTION OF ALAUNUS PHARMACEUTICAL, LLC FOR LEAVE TO FILE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS IN EXCESS OF TWENTY PAGE LIMIT UNDER LOCAL RULE 7.1(b)(4)**

The Defendant, Alaunus Pharmaceutical, LLC ("Alaunus"), by and through its counsel, hereby seeks leave of Court to file a memorandum in support of its motion to dismiss in excess of the twenty (20) page limit under Local Rule 7.1(b)(4). Specifically, Alaunus seeks to file the thirty (30) page supporting memorandum which is attached to the Motion at Exhibit A. In support of this Motion, Alaunus states as follows:

1.      This is a complex class action products liability suit brought by Plaintiff, Julia Stout, as Personal Representative of the Estate of James Robert Stout, individually and on behalf of others similarly situated, against New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC"), Ameridose, LLC ("Ameridose"), Medical Sales Management,

Inc. ("MSM"), Alaunus, Gregory Conigliaro, Douglas Conigliaro, Carla Conigliaro, Barry J. Cadden, Lisa Cadden, and Glenn Chin arising out of alleged injuries suffered by Mr. Stout as a result of exposure to an allegedly contaminated steroid product.

2. In addition to suing numerous defendants, Plaintiff asserts eight (8) causes of action collectively against the Defendants including: Count I – Negligence; Count II – Negligent Infliction of Emotional Distress; Count III – Breach of Express and Implied Warranties; Count IV – Battery; Count V – Failure to Warn; Count VI – Loss of Consortium; Count VII – Limited Fund Constructive Trust; and, Count VIII – Wrongful Death.

3. This action presents a complex choice of law regarding the substantive product liability laws to be applied in determining whether Alaunus may be held liable to the Plaintiff. There is a true conflict of the product liability laws between Massachusetts, the state where the Defendants are domiciled and where Plaintiff filed this action, and Indiana, the state where the Plaintiff resides and the decedent formally resided, where the decedent received his medical treatment and was allegedly injured by the use of the product at issue, and where decedent's estate is ostensibly being probated.

4. There are numerous reasons why this Court should dismiss all eight (8) counts of the Complaint against Alaunus. These reasons include:

    a. Pleading nothing more than conclusory assertions, threadbare allegations, and formulaic recitations of joint liability and alter-ego liability against Alaunus;

    b. Impermissibly "lumping" NECC, Ameridose, MSM, and Alaunus together failing to provide Alaunus with notice as to the specific basis of liability asserted against it;

    c. Asserting a number of common law claims that are subsumed or supplanted

        under Indiana's Product Liability Act (IPLA), and which may not be sustained as separate actions against an alleged "manufacturer" or "seller";

    d.    Failing to show that Alaunus is a "manufacturer" or "seller" of any product, that the product at issue was defective, or that the alleged defect is attributable to Alaunus as required to state a claim under the IPLA;

    e.    Failing to plead sufficient facts to establish a viable claim under any of the common law theories of liability asserted in the Complaint;

    f.    Failing to plead a viable loss of consortium claim which should be dismissed because Mrs. Stout's claim for damage to the marital relationship is derived from the failed claims asserted by the decedent's estate against Alaunus;

    g.    Failing to plead a viable claim for the establishment of a limited fund constructive trust because there is no showing of any fraud, breach of fiduciary duty, or any other wrongful conduct by Alaunus;

    h.    Pleading a claim for certification of a national class action which is inappropriate due to lack of predominance of factual and legal issues.

5.    Counsel for Alaunus has been unable to address all of the above arguments within the 20 page limit under Local Rule 7.1(b)(4).

6.    The conflict of law can and should be resolved on a motion to dismiss due to the potentially dispositive nature of the choice of law.  Whereas the Complaint fails to state a plausible claim against Alaunus and discovery in these multi-district litigation proceedings will be massive, the movant should have the opportunity to brief all of its potentially dispositive arguments in support of the dismissal of the Complaint as to Alaunus.

For these reasons, this Court should grant leave to Defendant Alaunus Pharmaceutical, LLC

to file the attached memorandum in support of its Motion to Dismiss in excess of the twenty (20) page limit under Local Rule 7.1(b)(4).

|  |  |
|---|---|
| Dated:   February 21, 2013 | Respectfully Submitted,<br>Alaunus Pharmaceutical, LLC,<br>By its Attorney,<br><br>*/s/ Ryan Ciporkin*<br>―――――――――――――――――<br>Franklin Levy (BBO# 297720)<br>Ryan Ciporkin (BBO# 667479)<br>Michele A. Hunton (BBO# 667766)<br>Lawson & Weitzen, LLP<br>88 Black Falcon Ave, Suite 345<br>Boston, MA 02210<br>Tel: (617) 439-4990<br>flevy@lawson-weitzen.com<br>rciporkin@lawson-weitzen.com<br>mhunton@lawson-weitzen.com |

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on February 21, 2013 using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system.

*/s/ Ryan Ciporkin*
―――――――――――――――――
Franklin Levy (BBO# 297720)
Ryan Ciporkin (BBO #667479)
Michele A. Hunton (BBO# 667766)
Lawson & Weitzen, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
Tel: (617) 439-4990
flevy@lawson-weitzen.com
rciporkin@lawson-weitzen.com
mhunton@lawson-weitzen.com